UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY L. MELLENDER, <br><br> Plaintiff, <br><br> v. <br><br> UNITY ASSET MANAGEMENT, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO.1:22-cv-00373 <br><br> DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes TIMOTHY L. MELLENDER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of UNITY ASSET MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

### PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Indianapolis, Indiana, which lies within the Southern District of Indiana.

5. Defendant is a third party debt collector claiming to be "recovery specialists that care."[1] Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 3521 Seneca Street, Unit 210, West Seneca, New York.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempt to collect upon a purportedly defaulted consumer obligation ("subject debt") said to be owed by Plaintiff.

9. The subject debt stems from purported personal obligations incurred by Plaintiff for his personal purposes.

10. Some time ago, Plaintiff entered into a payment plan with Defendant where Plaintiff agreed to make monthly payments to address the subject debt.

11. In February 2022, despite Plaintiff actively making his payments, Defendant was contacting Plaintiff repeatedly via phone calls and text messages seeking collection of the subject debt.

12. On or about February 16, 2022, after Plaintiff had contacted Defendant, Defendant placed approximately 5 phone calls to Plaintiff in short succession in connection with its efforts to collect the subject debt from Plaintiff.

---

[1] https://www.gopayuam.com/

13. Plaintiff answered a number of these calls, during which she made clear she did not need their assistance and hung up on Defendant, yet Defendant persisted in continuing to contact Plaintiff regarding the subject debt.

14. After its repeated phone calls, Defendant began texting Plaintiff regarding the subject debt.

15. Plaintiff expressed her frustration regarding Defendant's repeated contact attempts, at which point Defendant's representative advised that the repeated calls were placed because they thought Plaintiff was in some sort of emergency.

16. Plaintiff became further frustrated, questioning Defendant's justification, and similarly demanded that Defendant stop texting him regarding the subject debt.

17. Notwithstanding Plaintiff's explicit instructions that Defendant stop texting him, Defendant proceeded to send 3 additional text messages to Plaintiff.

18. Plaintiff suffered distress and frustration given Defendant's conduct and repeated contact attempts.

19. Plaintiff explicitly demanded such contacts cease, yet had his privacy persistently invaded, underscoring the extent to which Defendant unnecessarily invaded Plaintiff's privacy.

20. Further, Plaintiff was making payments to Defendant so as to avoid being repeatedly contacted and harassed by a debt collector, yet was denied the benefit of his bargain as a result of Defendant's harassing conduct.

21. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in the accrual of time and expenditure of resources.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies excessive collection contacts,

emotional distress, denial of the benefit of his bargain, and numerous violation of his federally protected interests to be free from harassing and abusive collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts, and is similarly a business whose principal purpose is the collection of debts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

#### a. Violations of FDCPA §§ 1692d, 1692d(5), & 12 C.F.R. § 1006.14

29. The FDCPA, pursuant to § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in the collection of a debt." Under § 1692d(5), a debt collector cannot cause "a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. The recently updated Regulation F, pursuant to 12 C.F.R. § 1006.14, provides further guidance regarding what constitutes harassing and abusive conduct in violation of the FDCPA. Under § 1006.14(b)(2)(i)(B), a debt collector is presumed to violate the prohibition against harassing communications with consumers if they place a phone call to a consumer after having already spoken with that consumer within the 7 days preceding such call. Further, under 12 C.F.R.

§ 1006.14(h), "[i]n connection with the collection of any debt, a debt collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

31. Defendant violated 15 U.S.C. §§ 1692d, d(5), and 12 C.F.R. § 1006.14(b), through its repeated phone calls placed to Plaintiff. Defendant is presumed to have violated these provisions given its conduct in continuing to place phone calls to Plaintiff despite having already communicated with him during the 7 days preceding such communications. Defendant proceeded to attempt to place a call to Plaintiff the same day it had already communicated with Plaintiff. Similarly, the placement of 5 phone calls to a consumer in a single day, in short succession, including after Claimant hung up on Defendant, underscores the harassing nature of, and intent behind, Defendant's phone call campaign.

32. Additionally, Defendant violated 15 U.S.C. §§ 1692d, 1692c(a)(3), and 12 C.F.R. 1006.14(h) through its repeated text messages sent to Plaintiff. Not only were such text messages harassing as a continuation of Defendant's phone call campaign, but were similarly made in direct violation of the regulations governing the FDCPA. Plaintiff explicitly informed Defendant not to continue texting him regarding the subject debt. While Defendant was allowed one additional text message to confirm, it nevertheless sent Plaintiff at least three text messages following his cease request.

    b.   **Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §§1692e and e(10) when it deceptively suggested to Plaintiff that it was contacting him repeatedly because they believed there to be some sort of emergency. Upon information and belief, Defendant falsely and deceptively attempted to justify its conduct upon realizing it was dealing with a consumer who actively complained of the phone calls.

36. Defendant further violated § 1692e & e(10) when it deceptively represented to Plaintiff that it had the lawful ability to place the phone calls and text messages to Plaintiff in the manner it did.

   c. **Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly persisted in communicating with Plaintiff's cellular phone through phone calls and text messages in a manner that was harassing, deceptive, and unfair.

WHEREFORE, Plaintiff, TIMOTHY L. MELLENDER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   e. Enjoining Defendant from further contacting Plaintiff; and

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.

| | |
|---|---|
| Dated: February 23, 2022 | Respectfully submitted, |
| s/ Nathan C. Volheim (Lead Attorney) | s/ Eric D. Coleman |
| Nathan C. Volheim, Esq. #6302103 | Eric D. Coleman, Esq. # 6326734 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Southern District of Indiana | Admitted in the Southern District of Indiana |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (331) 307-7648 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | ecoleman@sulaimanlaw.com |